IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY TAYLOR and ALFRED TAYLOR,

    Plaintiffs,

vs.                                                                 Civil No. 04-905 WJ/DJS

ROSS E. ZUMWALT, M.D., Chief Medical
Investigator, NEW MEXICO OFFICE OF MEDICAL
INVESTIGATIONS, JEFFREY S. NINE, M.D.,
OMI EMPLOYEES, NEW MEXICO BOARD OF
MEDICAL INVESTIGATORS, NEW MEXICO
HEALTH SCIENCES CENTER, STATE OF
NEW MEXICO, SANDIA FUNERAL CARE, ROBERT
M. ZIMMERMAN, SANDIA FUNERAL CARE EMPLOYEES,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS ZIMMERMAN AND SANDIA FUNERAL CARE'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants Robert M. Zimmerman and Sandia Funeral Care's Motion to Dismiss Pursuant to FRCP 4 (Doc. 20). Having reviewed the submissions of the parties and the relevant law, I will deny the motion for the reasons stated in this Memorandum Opinion and Order.

**BACKGROUND**

Plaintiffs filed their Complaint in this matter on August 10, 2004.[1] The relevant events alleged in the Complaint occurred between August 16 and August 21, 2002. On March 29, 2005, Plaintiffs filed returns of service indicating Defendants Zimmerman and Sandia Funeral Care were

---

[1] Named as Defendants were Robert M. Zimmerman, manager of Sandia Funeral Care, Sandia Funeral Care and Sandia Funeral Care Employees (hereinafter "Sandia Defendants) in addition to several state defendants.

served on March 23, 2005.  Plaintiffs provide evidence that the State of New Mexico and Plaintiffs were involved in settlement negotiations beginning in July 2004, before the Complaint in this matter was filed.  Plaintiffs' Complaint alleges that the Sandia Defendants were state actors for purposes of their alleged conduct in August 2002.  Sandia Defendants assert in their motion that the settlement negotiations between the State and Plaintiffs did not involve them, and the agent negotiating on behalf of the State did not represent them.  Plaintiffs' response to the motion alleges that Plaintiffs contacted on several occasions a Steve Mendenhall who is a representative of Sandia Funeral Care.  According to Plaintiffs, Mr. Mendenhall told Plaintiffs' counsel that he would not negotiate on behalf of the Sandia Defendants nor accept service of process on their behalf.

**LEGAL STANDARD**

A party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends.  Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court.  Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995).  A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Sizova, 282 F.3d 1324-25; Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  It is only in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) that a Court must

2

convert the motion to one for summary judgment if it considers matters outside the pleadings. See Fed. R. Civ. P. 12(b).

**DISCUSSION**

"The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995) (interpreting Rule 4(m) in comparison to the former Rule 4(j) and concluding that the "good cause" inquiry is unchanged). The Tenth Circuit has not affirmatively defined good cause but has held that neglect, inadvertence, ignorance, actual notice, absence of prejudice, and the running of the statute of limitations are not sufficient to show good cause. See Espinoza, 52 F.3d at 841; Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994). The Tenth Circuit standard is narrow and protects "only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain, 13 F.3d at 1438 (referring to the "good cause" standard of former Rule 4(j)). Other courts have defined "good cause" as a good faith, reasonable basis for noncompliance considering factors outside a plaintiff's control such as sudden illness or catastrophe or some act by a defendant to evade service. Gambino v. Village of Oakbrook, 164 F.R.D. 271 (M.D. Fla. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." Espinoza, 52 F.3d at 841.

Plaintiffs have shown that they were engaged in settlement negotiations with the State Defendants prior to effecting service and that the statute of limitations will bar their claim if it is dismissed for failure to timely effect proper service. However, even if the settlement negotiations between the State and Plaintiff could be imputed to the Sandia Defendants, these circumstances do not show "good cause" because none of these were beyond Plaintiffs' control and Plaintiffs

were in no manner prevented from effecting timely service on the Sandia Defendants. Accordingly, Plaintiffs have not shown good cause for their failure to serve the Sandia Defendants.

Even if a plaintiff fails to show good cause for failing to effect timely service, the district court must still consider whether a permissive extension of time may be warranted. Espinoza, 52 F.3d at 841. In deciding whether a permissive extension of time should be granted, the district court should consider whether the applicable statute of limitations will bar the action if dismissed and refiled. Id. at 842. A court should also determine whether policy considerations weigh in favor of a permissive extension. Id.

In this case, Plaintiffs' claims will be time barred if their Complaint is dismissed and they refile the action. Plaintiffs delayed service beyond the 120 days outlined in Rule 4(m) in favor of settlement negotiations. While the Sandia Defendants contend they were not a party to these settlement negotiations, they likely would have benefitted from these negotiations had the State Defendants succeeded in settling Plaintiffs' claims. Additionally, Plaintiffs attempted to communicate with a representative of the Sandia Defendants to no avail. "Settlement negotiations should be encouraged as an alternative to lengthy, costly litigation." Heiser v. Association of Apartment Owners of Polo Beach Club, 848 F.Supp. 1482 (D. Haw. 1993). Based on these considerations, I will exercise my discretion and conclude that a permissive extension of time for service in this case is warranted. Accordingly, I will deny the Sandia Defendants' motion to dismiss Plaintiffs' Complaint under Rule 4(m) for failure to timely serve the Sandia Defendants.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Robert M. Zimmerman and Sandia Funeral Care's Motion to Dismiss Pursuant to FRCP 4 (Doc. 20) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE