# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARY TAYLOR and ALFRED TAYLOR,

    Plaintiffs,

vs.                                                                                  Civil No. 04-905 WJ/DJS

ROSS E. ZUMWALT, M.D., Chief Medical
Investigator, NEW MEXICO OFFICE OF MEDICAL
INVESTIGATIONS, JEFFREY S. NINE, M.D.,
OMI EMPLOYEES, NEW MEXICO BOARD OF
MEDICAL INVESTIGATORS, NEW MEXICO
HEALTH SCIENCES CENTER, STATE OF
NEW MEXICO, SANDIA FUNERAL CARE, ROBERT
M. ZIMMERMAN, SANDIA FUNERAL CARE EMPLOYEES,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART MOTION FOR SUMMARY JUDGMENT
## and
## DISMISSING REMAINING STATE CLAIMS WITHOUT PREJUDICE

THIS MATTER comes before the Court upon a Motion for Partial Summary Judgment on Counts I and VII, filed by Defendants Robert M. Zimmerman and Sandia Funeral Care on January 24, 2006 (**Doc. 42**), and a Motion to Strike Plaintiffs' Response to Motion for Partial Summary Judgment on Counts I and VII of Plaintiffs' Complaint filed by Defendants Robert M. Zimmerman and Sandia Funeral Care on March 3, 2006 (**Doc. 47**). Having considered the parties' pleadings and the applicable law, I find that Defendants' motion is well-taken in part, based on Plaintiffs' concession to dismissal of Count I as to these Defendants. The remaining state claims against all Defendants will be dismissed without prejudice, based on this Court's exercise of its discretion not to exercise supplemental jurisdiction over those claims.

**Background**

An explanation of the procedural history of this case is helpful to an understanding of the Court's ultimate disposition in this case.

Plaintiffs allege various claims against the Defendants for the autopsy and subsequent erroneous cremation of Abel Taylor. On August 17, 2002, an autopsy was performed by Jeffrey S. Nine, M.D., a medical investigator with the Office of Medical Investigations ("OMI"), before OMI located or contacted Abel Taylor's next of kin, and OMI did not obtain consent from next of kin for the autopsy.

After being notified by OMI of Abel Taylor's death on August 21, 2002, Plaintiffs told OMI they wished Abel Taylor's body buried near Chinle, Arizona. However, Abel Taylor's body had been erroneously labeled by OMI as the body of another individual and had been transported to Sandia Funeral Care on August 19, 2002. On August 21, 2002, Sandia Funeral Care erroneously cremated Abel Taylor's body. Abel Taylor and Plaintiffs are Navajo Indians, and autopsy and cremation are inconsistent with their traditional religious beliefs and practices.

Plaintiffs allege that Defendants interfered with Plaintiffs' right to free exercise of their religion when they performed an autopsy on the body of Abel Taylor and when they caused the body of Abel Taylor to be cremated.

The Court granted a motion to dismiss based on qualified immunity filed by the State Defendants[1] with regard to Plaintiffs' federal claims, and state claims brought under the New

---

[1] The State Defendants are: the State of New Mexico; several state agencies, specifically, the New Mexico Office of Medical Investigations, the New Mexico Board of Medical Investigators, and the New Mexico Health Sciences Center; and several state officials and employees, specifically, Ross E. Zumwalt, M.D., Jeffrey S. Nine, M.D. and OMI Employees.

Mexico Tort Claims Act.  Doc. 32.  State Defendants were allowed to file a supplemental motion to dismiss another state claim brought by Plaintiffs' which alleges a violation of the New Mexico Religious Freedom Restoration Act, N.M.S.A. 1978, §§ 28-22-1 through 28-22-4 (2000) ("NMRFRA").  The Court denied this motion, limiting its ruling to the issue of Plaintiffs' standing to bring that claim, and making "no determination or conclusions regarding whether the State Defendants are liable under the facts alleged, or regarding any other basis for dismissal not raised by State Defendants."  Doc. 40 at 7.

## Discussion

This motion addresses Plaintiffs' claims against the remaining Defendants in this action, Robert M. Zimmerman ("Zimmerman") and Sandia Funeral Care.  Zimmerman is the manager of Sandia Funeral Care.   In Count I of the Complaint, Plaintiffs assert claims brought under 42 U.S.C. § 1983, alleging that Zimmerman and Sandia Funeral Care ("Defendants" for purposes of this motion) violated their First and Fifth Amendments to the United States Constitution.  Count I asserts that Defendants failed to provide notice to, or opportunity for consent by, Plaintiffs concerning the cremation of Abel Taylor's body.  Plaintiffs contend that these omissions were inconsistent with their traditional religious beliefs and practices under the First Amendment, and also that they were deprived of due process of the law under the Fifth Amendment.[2]  Count VII asserts violations of religious freedom under the NMRFRA against Zimmerman and Sandia

---

[2] Plaintiffs' claims against Defendants may be more appropriately brought under the Fourteenth, and not the Fifth, Amendment.  The due process clause of Fifth Amendment prohibits the United States, as the due process clause of Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law.  Dusenbery v. U.S. 534 U.S. 161 (2002);  see also, United States ex rel. Cole v. Gramley, 750 F.Supp.1385, 1388  (N.D.Ill.1990) (state actors are subject to the due process clause of the Fourteenth Amendment).  However, this distinction is unnecessary in order for the Court to proceed with ruling on the motion.

Funeral Care. Counts III through VI are state claims of negligence and intentional infliction of emotional distress asserted against all Defendants.

## I.     Motion for Partial Summary Judgment

Defendants contend that summary judgment is warranted because the facts are undisputed that they were acting in the ordinary course of their business, independent of any governmental entities. Thus, they argue that their alleged conduct does not constitute "state action" as required for Plaintiffs to proceed with their First Amendment and NMRFRA claims.

However, Plaintiffs have conceded dismissal of Count I based on this Court's prior rulings on the federal claims. Response at 2. Therefore, Count I will be dismissed. As a result, I find that it is unnecessary to address the arguments raised in the motion any further. With Plaintiffs' concession regarding Count I in the Complaint, only state claims remain to be litigated in this case, including the NMRFRA claim in Count VII. When a plaintiff's federal claims are dismissed before trial, state claims should be dismissed as well. Lawson v. Engleman, 67 Fed.Appx 524 (10th Cir. 2003); Thatcher Enterprises v. Cache Cty. Corp., 902 F.2d 1472 (10th Cir. 1990). Therefore, under 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, which will be dismissed without prejudice.

## II.    Motion to Strike

In light of the Court's dismissal of Plaintiffs' claims in Count I, and the Court's decision not to exercise supplemental jurisdiction over the remaining claims, Defendants' motion to strike is moot, and will be denied as such.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Partial Summary Judgment on Counts I and VII,

4

filed by Defendants Robert M. Zimmerman and Sandia Funeral Care **(Doc. 42)**, is hereby GRANTED IN PART based on Plaintiffs' concession of dismissal of Count I and the Court's dismissal of Count I with prejudice;

**IT IS FURTHER ORDERED** that Counts III, IV, V, VI and VII, which are all state claims asserted against Defendants Zimmerman and Sandia Funeral Care, are hereby DISMISSED WITHOUT PREJUDICE;[3]

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiffs' Response to Motion for Partial Summary Judgment on Counts I and VII of Plaintiffs' Complaint filed by Defendants Robert M. Zimmerman and Sandia Funeral Care **(Doc. 47)** is hereby DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Count II was alleged against the State Defendants only.